STEWART, J.
11Applicant, Joe Wyatt (“Wyatt”), who pled guilty to first degree murder committed when he was 17 and was sentenced to life imprisonment in 1987, applied for supervisory review of a judgment denying his motion to correct an illegal sentence. Wyatt based his motion on the new constitutional rule of law established in Miller v. Alabama, 567 U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which held that the Eighth Amendment forbids mandatory life sentences without the possibility of parole for juvenile offenders, unless the sentencing court holds a hearing to consider mitigating factors before imposing such a severe penalty. Based on the recent decision of the Louisiana Supreme Court in State v. Tate, 2012-2763 (La.11/5/13), 130 So.3d 829, cert. denied, — U.S. —, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014), which held that Miller does not apply retroactively to cases on collateral review, we affirm the district court’s judgment denying Wyatt’s motion.
FACTS
In June 1986, Wyatt, age 17, conspired with another person to rob the owner of a furniture store in Monroe. During the armed robbery, Wyatt shot and killed Carl Gresham, Sr., the owner of the store. In exchange for the state’s agreement not to seek the death penalty, Wyatt pled guilty to first degree murder on January 12, *931 1987, and was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. He did not appeal.
On February 8, 2013, following the Miller decision, Wyatt filed the instant motion to correct an illegal sentence. The trial court denied Wyatt’s | ¡¿motion on May 10, 2013, after considering filings by both the state and Wyatt. The trial court concluded that, although Miller, supra, set forth a new rule, the new sentencing rale did not satisfy either exception of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), discussed infra, for retroactive application to cases on collateral review.
Following the trial court’s adverse ruling, Wyatt filed a writ application with this court. On July 26, 2013, we granted his writ to consider whether the Miller rule applies retroactively on collateral review. We ordered the record and briefs by the parties so that the matter could be submitted for a decision on the next available appellate calendar. Additionally, on August 13, 2013, this court ordered the parties to address the application to Wyatt’s case of new legislation, Act No. 239, which amended the parole eligibility statute, La. R.S. 15:574.4, and added La. C. Cr. P. art. 878.1, both discussed infra.
Then, on August 20, 2013, the Louisiana Supreme Court granted a motion by the state to stay the proceedings pending the finality of its decision in Tate, supra, addressing the same issues as presented by Wyatt. After the Tate decision became final, the stay was lifted by order of this court on March 19, 2013, and briefing resumed.
Wyatt argues that the trial court erred in not finding that the new sentencing rale set forth in Miller, supra, applies retroactively to his case. However, Wyatt’s brief ignores the Tate decision, which is disposi-tive of his motion and offers him no relief.
IsDISCUSSION
The Supreme Court in Miller held that mandatory sentencing schemes of life in prison without the possibility of parole for juvenile offenders violate the Eighth Amendment. However, the Supreme Court did not bar such sentences for juvenile offenders. Instead, it mandated that the sentencing court conduct a hearing to consider mitigating factors, such as the youth of the offender, before imposing such a severe penalty. Miller, 132 S.Ct. at 2469.
Miller involved two cases, both with 14-year-old defendants convicted of murder and given mandatory life-without-parole sentences. One case was raised on a direct appeal; the other was raised on collateral review. Without distinguishing between the case on direct appeal and that on collateral review, the Court reversed the lower courts in both cases and remanded for further proceedings consistent with its opinion.
In Tate, supra, our state supreme court granted writs to resolve a dispute between the two lower courts about whether Miller should be applied retroactively on collateral review. The defendant, Darryl Tate, pled guilty to second degree murder committed as a juvenile (age 17) and received a mandatory life sentence without the possibility of parole. Tate’s sentence became final in 1984. Following the Miller decision, Tate filed a motion for resentencing. The district court denied Tate’s motion, but the fourth circuit granted writs and remanded for a sentencing hearing in accordance with the principles of Miller.
14To determine whether Miller applies retroactively to claims by juvenile homicide offenders like Tate, whose convictions were final when the decision was rendered, the supreme court applied the inquiry set *932 forth by Teague, supra, for determining retroactivity of new rules of law. Tate, supra. First, the court determined that Tate’s conviction became final in 1984 when he did not apply for rehearing from the appellate court judgment affirming his conviction and sentence. Here, the record shows that Wyatt plead guilty to first degree murder on January 12,1987, and that he did not appeal his conviction and sentence. Wyatt’s conviction and sentence became final in 1987 when the delays for filing an appeal expired.
Next, the supreme court examined whether Miller, supra, established a “new rule,” meaning one that is not “dictated by precedent existing at the time the defendant’s conviction became final.” Tate, 2012-2763, p. 7, 130 So.3d at 835, citing Wharton v. Bockting, 549 U.S. 406, 416, 127 S.Ct. 1173, 1180, 167 L.Ed.2d 1 (2007). The parties did not dispute this issue, and the supreme court determined that Miller established a new rule. Tate, supra. The court then determined that the new rule established by Miller is “properly classified as procedural,” rather than substantive, because “it simply altered the range of permissible methods for determining whether a juvenile could be sentenced to life imprisonment without parole[.]” Id., p. 10, at 837.
Finally, the supreme court examined whether the holding of Miller established a “watershed rule” of criminal procedure, such that it must be applied retroactively. Id., p. 13, at 839. The court noted that the watershed 1¡¡rule is an “extremely narrow” exception. Id. A watershed rule must satisfy two requirements. It “must be necessary to prevent an impermissibly large risk of an inaccurate conviction,” and it “must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.” Id., citing Wharton, 549 U.S. at 418, 127 S.Ct. at 1182. The supreme court concluded that Miller does not satisfy the requirements necessary to be considered a watershed rule subject to retroactive application. It neither pertains to trial procedures that lead to conviction, nor does it establish a previously unrecognized bedrock procedural element essential to a fair proceeding. Tate, p. 15, at 840.
Having found that Miller, though a new procedural rule, is neither substantive nor a watershed rule, the supreme court concluded that Tate and other “similarly situated defendants are not entitled to the retroactive benefit of the Miller rule in post-conviction proceedings.” Id., p. 16-17, at 841.[1] Therefore, Wyatt, like Tate, is not entitled to any relief under Miller.
In Tate, supra, the supreme court also addressed whether Act 239 passed by the legislature on June 12, 2013, in response to Miller should apply retroactively to Tate and similarly situated defendants. Act 239 provides for parole consideration for juvenile offenders sentenced to life imprisonment for first or second-degree murder. It created La. C. Cr. P. art. [fi878.1, which requires a hearing to determine whether a sentence of life imprisonment is *933 to be imposed with or without parole eligibility for defendants who were under the age of 18 at the time of the offense and have been convicted of first or second degree murder. Act 239 also enacted La. R.S. 15:574.4(E), which sets forth the conditions that a juvenile offender serving a life sentence with a judicial determination of parole eligibility must meet to be considered for parole.
Applying the principles of statutory interpretation, the supreme court determined that La. C. Cr. P. Art. 878.1, which applies when an offender under the age of 18 at the commission of the offense “is to be sentenced to life imprisonment” for a first or second-degree murder conviction, is a new procedural rule that, by its plain and unambiguous language, is to be applied prospectively only. Tate, p. 20, at 843. The court concluded that because Tate and similarly situated defendants have already been sentenced for their convictions of first or second-degree murder, neither provision under Act 239 applies to them. Id., p. 20-21, at 844.
Wyatt, like the defendant Tate, is not entitled to the benefits of the Miller holding or the provisions enacted by our legislature in passing Act 239. In light of the Tate decision, Wyatt cannot show that Miller is retroactive and applicable on collateral review. We find no merit to Wyatt’s claim that his sentence is illegal.
CONCLUSION
For the reasons stated, we affirm the trial court’s denial of Wyatt’s motion to correct an illegal sentence.
AFFIRMED.

. Chief Justice Johnston, joined by Justice Hughes, issued a strong dissent and would find that Miller established “a new substantive rule of constitutional criminal procedure which should be applied retroactively on collateral review[J" Tate, dissenting opinion, p. 8, at 849. As acknowledged in both Chief Justice Johnston’s dissenting opinion and the majority opinion, the supreme courts in Mississippi and Iowa have held that Miller is to be applied retroactively. See Jones v. State, 122 So.3d 698 (Miss.2013) and State v. Rag-land, 836 N.W.2d 107 (Iowa 2013).
In State v. Mantich, 287 Neb. 320, 842 N.W.2d 716 (2014), the Nebraska supreme court held that Miller is a new substantive rule that applies retroactively on collateral review.